**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD ENRIQUE ULLOA,**

        **Plaintiff,**             1:10-cv-132
                                         (GLS\DRH)

        v.

**MID HUDSON VALLEY FEDERAL CREDIT
UNION** and **DOES I THROUGH X,**

        **Defendants.**
_____

**RICHARD ENRIQUE ULLOA,**

        **Plaintiff,**             1:10-cv-356
                                         (GLS\DRH)

        v.

**MID HUDSON VALLEY FEDERAL CREDIT
UNION; SUPREME COURT FOR THE
STATE OF NEW YORK;** and **DOES 1-10,**

        **Defendants.**
_____

**RICHARD ENRIQUE ULLOA,**

        **Plaintiff,**             1:10-cv-345
                                         (GLS\RFT)

        v.

**WELLS FARGO BANK, N.A.; SUPREME
COURT FOR THE STATE OF NEW YORK;**
and **DOES I THROUGH X,**

        **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PLAINTIFF:**
Richard Enrique Ulloa
Pro Se
General P.O. 771
Stone Ridge, NY 12484

Nation of New York
General Post Office
Hurley, Ulloa Province, United States Minor
Outlying Islands Near 12443-9998

**FOR THE DEFENDANTS:**
*Mid Hudson Valley Federal Credit Union*

| Corbally, Gartland Law Firm | WILLIAM W. FRAME, ESQ. |
| 35 Market Street | |
| Poughkeepsie, NY 12601 | |

*State Defendants*

| HON. ERIC T. SCHNEIDERMAN | STEPHEN M. KERWIN |
| New York State Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, NY 12224 | |

*Wells Fargo Bank, N.A.*

| Hogan, Lovells US LLP Law Firm | ALLISON J. SCHOENTHAL, ESQ. |
| 875 Third Avenue | RENEE M. GARCIA, ESQ. |
| New York, NY 10022 | |

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Richard Enrique Ulloa has filed three complaints with the district court.  The first complaint was filed on July 9, 2009, by which Ulloa initiated an action under "Article Three of the American Constitution" for replevin, claiming that defendant Mid-Hudson Valley Federal Credit Union (MHVFCU) and Does I through X unlawfully seized monies from his savings account.  (*See* Compl. 1, 10-cv-132, Dkt. No. 1.)  On February 1, 2010, Ulloa filed the second complaint, which seeks injunctive relief and to quiet title against defendants MHVFCU, the Ulster County Supreme Court, and Does 1-10.  (*See* Compl. 2, 10-cv-356, Dkt. No.1.)  On that same day, Ulloa filed the third complaint, which seeks to quiet title and relief for slander of title and fraudulent conversion against Wells Fargo Bank and Ulster County Supreme Court.  (*See* Compl. 3, 10-cv-345, Dkt. No. 1.)[1]  Subsequently, all defendants moved to dismiss.  (*See* 10-cv-132, Dkt. No. 14; 10-cv-356, Dkt. Nos. 9,15; 10-cv-345, Dkt. Nos. 21, 23.)  Also, Ulloa has filed a motion to compel.  (*See* Dkt. No.17.)  For the reasons that

---

[1] All three complaints were transferred to this District from the District of Columbia.  (*See* 10-cv-132, Dkt. No. 10; 10-cv-356, Dkt. No. 13; 10-cv-345, Dkt. No.10.)

follow, defendants' motions are granted, Ulloa's motion to compel is denied, and his complaints are dismissed in their entirety.

## II. Background

### A. First Complaint

Ulloa is a member of MHVFCU and maintains multiple accounts at the credit union, including a mortgage on behalf of CEMI STAR SERVICES, LLC (CEMI), a company of which Ulloa is an officer. Ulloa seeks replevin under "Article Three of the American Constitution," accusing defendants MHVFCU and Does I through X of unlawfully seizing $37,914.61 from his savings account in an effort to collect outstanding mortgage payments owed by him. (*See* Compl. 1, 10-cv-132, Dkt. No. 1.)

### B. Second Complaint

The second complaint involves the same subject matter as the first complaint, but adds the Ulster County Supreme Court and Does 1-10 as defendants. In addition, Ulloa seeks to "quiet title" with respect to the property; injunctive relief in the form of a declaration that he is the rightful owner of the property; and a "cease and desist" order forbidding the defendants from selling the property.

### C. Third Complaint

4

Ulloa's third complaint relates to a residential mortgage foreclosure action that was commenced in Ulster County Supreme Court. In the complaint, Ulloa asserts claims against defendants Wells Fargo Bank, Ulster County Supreme Court, and Does I through X. Ulloa seeks to quiet title and relief relating to slander of title and fraudulent conversion. In addition, Ulloa seeks an abatement of "all past, current and future claims of any right, title or interest in the property"; a declaratory judgment declaring that the subject property is "held in allodium" by Ulloa and that Wells Fargo has no security interest in it; and a cease and desist order forbidding Wells Fargo from selling the property.

Specifically, Ulloa obtained a mortgage loan for $208,750.00 in principal from Wells Fargo, as memorialized in a promissory note and secured by a mortgage on the property. Thereafter, Ulloa defaulted on the contractually-required mortgage loan payments and failed to cure his default. Thus, Wells Fargo commenced a foreclosure action against Ulloa.

### III. Standards of Review

**A.   Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of the

5

complaint where the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "The burden of proving jurisdiction is on the party asserting it."  *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) (citation and internal quotation marks omitted).  In reviewing a motion made pursuant to Rule 12(b)(1), "the court must accept as true all material factual allegations in the complaint, but [it will] not draw inferences from the complaint favorable to plaintiffs."  *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).  Moreover, on a Rule 12(b)(1) motion, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but ... may not rely on conclusory or hearsay statements contained in the affidavits."  *Id.* at 110 (citations omitted).

As relevant to the current motion, a district court has original subject matter jurisdiction over civil actions in two situations.  The first is where the action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This type of jurisdiction is known as "federal question" jurisdiction.  *See id.*  The second situation in which a federal district court has original jurisdiction over a civil action occurs "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between ... [c]itizens of different States." 28 U.S.C. § 1332 (a)(1). This type of jurisdiction is known as "diversity jurisdiction." *See* 28 U.S.C. § 1332. "It is well established that the party seeking to invoke [diversity jurisdiction] bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.* 251 F.3d 315, 322 -32 (2d Cir. 2001) (citations and internal quotation marks omitted). Diversity is "complete" where "the pleadings demonstrate that [the plaintiff] does not share citizenship with any of the defendants." *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)

## B.  Rule 12(b)(6)

The standard for judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010). As relevant to the current motion, "courts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest," especially where civil rights violations are alleged. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (italics

7

omitted).

## IV. **Discussion**[2]

### A. **First Complaint**

As already explained, Ulloa alleges in the first complaint that MHVFCU and Does I through X unlawfully attached $37,914.61 from his MHVFCU savings account in satisfaction of arrearages owed. (*See generally* Compl., 10-cv-132, Dkt. No. 1.) The court lacks original jurisdiction over this complaint.

First, it is clear that jurisdiction based on diversity does not exist. In addition to the fact that the amount in controversy does not exceed the statutory minimum, Ulloa, a citizen of New York State, has sued only other New York State citizens.[3] Accordingly, absent both the requisite amount in controversy and complete diversity, § 1332 provides no basis for original

---

[2] Each of Ulloa's complaints are difficult to comprehend, contain no coherent legal theory, and are comprised of little more than jumbled ramblings. Nonetheless, the court has thoroughly reviewed the complaints and construed them, as it must, to assert the strongest arguments they suggest.

[3] MHVFCU is credit union located in Kingston, New York, with all nine branch offices located in New York State, and Does I through X are alleged to be individuals working on behalf of MHVFCU at one of those nine branches. (*See* Dwyer Aff., Dkt. No. 14:1, 10-cv-132.)

8

jurisdiction.

Second, while Ulloa appears to suggest that the court has "federal question" jurisdiction over his first complaint, a closer examination of the record belies that assertion. Ulloa's first cause of action alleges that the seizure of the money from his savings account violated his due process rights under the Fifth, Seventh, and Fourteenth Amendments. As mentioned, the court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue. Here, as set forth in the Mortgage Agreement and Guaranty of Payment Agreement, Ulloa personally guaranteed the payment of the mortgage and specifically pledged as security any monies and/or property held in any account by MHVFCU. (*See* Dwyer Aff., Exs. B, C, Dkt. No. 9:3,10-cv-356.) Thus, even if defendants' seizure of Ulloa's money was improper as Ulloa alleges, the court discerns no basis to conclude—and Ulloa fails to coherently allege or suggest—that such an improper seizure would give rise to anything other than a state-law claim for breach of contract.

Ulloa's second cause of action, which seeks relief for fraudulent conversion, similarly fails to implicate a federal question. Specifically, even if Ulloa's allegation were true, a claim for fraudulent conversion would arise

9

under New York State common law and would provide no basis for federal question jurisdiction.

Accordingly, because Ulloa's first complaint lacks any discernable basis upon which this court's original jurisdiction could be invoked, defendants' motion to dismiss that complaint is granted, Ulloa's cross-motion to strike is denied, and the first complaint is dismissed in its entirety.

## B.     Second Complaint

As noted above, Ulloa's second complaint addresses the same subject matter as the first.  It does not add any parties or allege any facts or claims that would alter the court's jurisdictional analysis as to the first complaint.  Again, all parties are from New York State and the subject matter involved in this case relates to a contractual dispute with MHVFCU.[4]

---

[4]Ulloa has asserted claims against the Ulster County Supreme Court based on what appears to be its involvement in processing a motion filed by MHVFCU.  The appropriate court in which to sue the Ulster County Supreme Court is the New York Court of Claims, not federal district court.  *See* N. Y. Const. art. VI, § 9 ("The court [of claims] shall have jurisdiction to hear and determine claims against the state or by the state against the claimant or between conflicting claimants as the legislature may provide.").  Thus, even if this court had subject matter jurisdiction over Ulloa's second complaint, it would nonetheless be unable to entertain the claims asserted against the Ulster County Supreme Court.

10

Thus, as with Ulloa's first complaint, the court lacks jurisdiction over Ulloa's second complaint. Accordingly, defendants' motion as to the second complaint is granted, and it is dismissed its entirety.

**C.     Third Complaint**

Ulloa's third complaint seeks to quiet title and relief relating to slander of title and fraudulent conversion. As a preliminary matter, any claims must fail insofar as they are asserted against the Ulster County Supreme Court. As noted above, the New York State Court of Claims is the appropriate court in which to sue a New York State court, not this one. *See* N. Y. CONST. art. VI, § 9. Accordingly, any claims against the Ulster County Supreme Court contained in Ulloa's third complaint are dismissed..

Ulloa's remaining claims against the remaining defendants must also be dismissed. As to Ulloa's quiet title claim, the court agrees with Wells Fargo that it should be dismissed because, as Ulloa himself admits, Ulloa's title to the property in question is held subject to a mortgage held by Wells Fargo. (*See* Compl. at 7, Dkt. No. 1.10-cv-345.) Accordingly, that claim is dismissed.

Wells Fargo is also correct that Ulloa's remaining claims for slander of title and fraudulent conversion are barred on collateral estoppel grounds.

11

Under the doctrine of collateral estoppel, a party is precluded "'from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party ... whether or not the tribunals or causes of action are the same.'" *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir.1995) (internal quotation marks omitted). "The 'fundamental notion' of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (citation and internal quotation marks omitted). Thus, "collateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." *Id.* at 489.

    Here, to succeed on his slander of title claim, Ulloa must allege facts that demonstrate that Wells Fargo made false communications casting doubt on the validity of Ulloa's title with malicious intent, or at a minimum, with reckless disregard for their truth or falsity. *See Vollbrecht v. Jacobson*,

12

40 A.D.3d 1243, 1247 (3d Dep't 2007) (internal citation omitted). However, the state court has already determined that Wells Fargo is the holder of a valid mortgage debt and properly commenced a foreclosure proceeding due to Ulloa's default. (*See* State Court Order, Garcia Decl., Ex. E, Dkt. No. 23-10. 10-cv-345.) Thus, given that finding, Ulloa has failed and is unable to allege facts indicative of a slander of title claim. Similarly, Ulloa's fraudulent conversion claim requires the "unauthorized assumption ... over goods belonging to another." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006). Again, however, the state court has already found that Wells Fargo properly commenced a foreclosure proceeding and was entitled to such relief. (*See* State Court Order, Garcia Decl., Ex. E, Dkt. No. 23:10, 10-cv-345.) Accordingly, Ulloa's claims for slander of title and fraudulent conversion are dismissed.

Finally, Ulloa has filed a motion entitled "Complaint to Stay-Overturn Set Aside Foreclosure Order and Decision of lower court." The court has no jurisdiction to overturn a lower court's final decision and thus, the motion is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

13

**ORDERED**, that defendants' motions to dismiss (10-cv-132, Dkt. No. 14; 10-cv-356, Dkt. Nos. 9, 15; 10-cv-345, Dkt. Nos. 21, 23) are **GRANTED**; and it is further

**ORDERED** that Ulloa's complaints (10-cv-132, Dkt. No. 1; 10-cv-356, Dkt. No. 1; 10-cv-345, Dkt. No. 1) are **DISMISSED**; and it is further

**ORDERED** that Ulloa's motions to compel and set aside a state court order (Dkt. No. 17, 34, 10-cv-356, 10-cv-345.) are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is to close case numbers 10-cv-132, 10-cv-356, and 10-cv-345, and provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

January 10, 2011
Albany, New York

*United States District Court Judge*